**SO ORDERED.**

**SIGNED this 11 day of February, 2019.**



*James P. Smith*

**James P. Smith**
**Chief United States Bankruptcy Judge**

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:<br>Katrina Monique McIntyre<br>3447 McIntosh Lane<br>Snellville, GA  30039<br>SS#     XXX-XX-1554 | CHAPTER 13<br><br><br>CASE NO. 18-31041-JPS |

### ORDER CONFIRMING PLAN AWARDING ATTORNEY FEES

The debtor's plan having been transmitted to all creditors; and

It having been determined, after hearing on notice, that the debtor's plan, or plan as amended, complies with Chapter 13 of the Bankruptcy Code, 11 U.S.C. §1325, and with other applicable provisions of this title of the United States Code as shown by Exhibit "A" attached hereto;  and

The Chapter 13 Trustee having recommended that the debtor's plan to be confirmed; it is

**ORDERED** that the debtor's plan, or plan as amended, which plan is attached hereto as Exhibit "A" and incorporated herein by reference, is confirmed, and the debtor is further ordered to comply with the terms of this plan and to maintain in force all insurance required by any of his contractual agreements; and it is further

**ORDERED** that an award of $3,250.00 is made to WILLIAM RHYMER as interim compensation in this case pursuant to §331 of the Bankruptcy Code for the attorney services rendered in this case. The trustee is directed to pay any unpaid balance as an administrative expense; and it is further

**ORDERED** that all pending motions to dismiss filed by the Chapter 13 trustee are hereby withdrawn,

unless a separate order has been entered resolving the motion.

END OF DOCUMENT

Prepared by:

Camille Hope, Trustee
P.O. Box 954
Macon GA 31202
Telephone (478) 742-8706

UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| IN RE:<br>Katrina Monique McIntyre | Chapter 13<br>Case No. 18-31041-JPS |

## Trustee's Summary of the Plan Including Agreed Upon Changes

### Part 1

| | | | |
|---|---|---|---|
| Debtor's Net Income: | 4,156.00 | Deb 1: | Aspen Refrigerants, Inc FKA Airgas Refrigerants |
| Spouse's Net Income: | 0.00 | Deb 2: | |

### Part 2: Plan Payments and Length of Plan

2.1    Debtor proposes to make payments into the plan as follows:

| Which Debtor | Payment Amt. | Frequency | Start Date |
|---|---|---|---|
| Debtor 1 | 1,284.00 | BI-WEEKLY | 10/28/2018 |

until the plan is completed

2.2    Additional Payments:                                     Source:

2.3    The debtor(s) will pay for a minimum of 36 months if the debtor(s) is/are below the median income or 57 months if the debtor(s) is/are above the median income.

### Part 3: Treatment of Secured Claims

**From the payments so received, the Trustee shall make disbursements to allowed claims as follows :**

3.1    Payments on Long Term Debt

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| Home Point Financial Corporation | January 1, 2019 | $1,138.38 |

3.2    Payments on Arrearages on Long Term Debt

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| Home Point Financial Corporation | 8,817.71 | 4.00 | Arrears | $350.00 |

3.3    Secured Claims Not Subject to Cram Down

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| GO Federal Credit Union | $26,150.10 | 6.00 | 2013 Telsa S | $820.00 |

3.4   Pre-confirmation Adequate Protection Payments - These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION PAYMENT AMOUNT |
|---|---|
| GO Federal Credit Union | $150.00 |

3.5   Secured Creditors Subject to Cram Down

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|

3.6   The following collateral is **surrendered to the creditor, and the stay and co-debtor stay are lifted.**

3.7   The following debts will be paid directly by the debtor(s):

3.8   The judicial liens or non-possessory, non-purchase security interests that are being avoided are listed in **Part 6 Nonstandard Provisions**.

## Part 4: Treatment of Fees and Priority Debt

4.1   Attorney fees ordered pursuant to 11 U.S.C. § 507(a)(2) of $3,250.00 to be paid as follows:

Pursuant to the Single Set Fee option in the Administrative Order on Attorney Fees in Chapter 13 Cases

4.2   **Trustee's Fees:** Trustee's fees are governed by statute and may change during the course of the case.

4.3   The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of ____%. **(If this is left blank, no interest will be paid.)**

4.4   All other 11 U.S.C. § 507 priority claims, unless already listed under 4.3, will be paid in full over the life of the plan as funds become available in the order specified by law.

## Part 5: Treatment of Non-Priority Unsecured Claims

5.1   Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three):

Disposable Income: $42,319.00        Best Interest: $320.00        Optional: $

5.2   Binding Dividend (%): 100.00%        Estimated Dividend: __

5.3   The following unsecured claims are classified to be paid at 100%. If the debtor(s) is proposing to pay less than 100%, or to pay a regular monthly payment, those proposals should appear in **Part 6 Nonstandard Provisions**.

5.4   The executory contracts and unexpired leases listed below are assumed. Those not mentioned are rejected.

5.5   See original plan for insurance requirements.

5.6   Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

## Part 6: Nonstandard Provisions

1. Objections to proofs of claim maybe filed before or after confirmation.

2. Claims shall be paid as filed unless an objection is filed.

_____

EXHIBIT "A"

/s/ Camille Hope

Office of the Chapter 13 Trustee